IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUMAN FREE WILL, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-4394 |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE AGENCY; DIRECTOR OF | : | |
| NATIONAL INTELLIGENCE; | : | |
| SECRETARY OF DEFENSE; ATTORNEY | : | |
| GENERAL; and SECRETARY OF | : | |
| HOMELAND SECURITY, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                        November 28, 2022

In this action, a non-profit corporation has filed a complaint seeking an investigation into

the situation of an individual who appears to be acting on behalf of this corporation and who has

been the subject of daily electronic harassment for years. This electronic harassment consists of,

*inter alia*, attacks with direct energy weapons, attacks with bio effects weapons, electronic voice

of God communications, and the insertion of nonconsensual implants.

Although the plaintiff has paid the filing fee in this case, there are two significant issues

with this action that would seem to preclude it proceeding any further. The first issue is that the

plaintiff's allegations in this case, *i.e.*, allegations about mind control, electronic harassment, and

attacks on individuals with direct energy weapons, are the types of frivolous, insubstantial, and

implausible allegations over which federal courts lack subject-matter jurisdiction. The second

issue is that the plaintiff alleges that it is a non-profit corporation, yet many of its allegations

concern a single individual, who does not appear to be licensed counsel and who signed the

complaint on behalf of the plaintiff. As corporations must have licensed counsel to proceed in

federal court, this issue also precludes this matter from moving forward unless counsel enters an appearance on the plaintiff's behalf.

Despite these issues which would potentially warrant dismissal of this action at this time, the court will provide the plaintiff with an opportunity to explain why the court should not dismiss this action. Therefore, the court will enter an order requiring the plaintiff to show cause why the court should not dismiss this matter for (1) lack of subject-matter jurisdiction or (2) the failure to have licensed counsel representing it.

## I.    ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff, identified as "Human Free Will," filed a complaint against the defendants, John Doe Agency, Director of National Intelligence, Secretary of Defense, Attorney General, and Secretary of Homeland Security on November 3, 2022. *See* Compl. at ECF p. 1, Doc. No. 1. The plaintiff alleges that it is "a 501(c)(3) Non-Profit that helps people with technical issues." *Id.* at ECF p. 7. It claims to consist of "Targeted Individuals that have issues with the public infrastructure such as phone and internet service." *Id.*

The plaintiff asserts that the issue presented in this action is: "What can a person do if they are constantly attacked with electronic warfare weapons? AKA Havana Syndrome, Targeted Individual, Gang Stalking, Direct Energy Weapons, Remote Neural Monitoring, Voice of God (V2K), Active Denial Systems, [and] Bio Effects." *Id.* at ECF p. 1. The plaintiff also has set forth the following "Statement of the Case":

> What would you do if you had access to systems and weapons that no normal human knows about? There are groups that operate territorially nationwide that communicate and collude with each other. They implant people without their knowledge to target and use weapons that are in the non-visible spectrum. There are severe ethical concerns that have already started with Neuro Rights and Bio Ethics. This technology exists whether you want to believe it or not. The main goal is to educate at all levels because the only way to protect each other is to understand the latest in science and technology. The current response is to let people continue

> to suffer due to ignorance and a lack of compassion. ANYONE who continually gets attacked daily will eventually become a "mind control" victim. Here in the State of Pennsylvania: Stanley Joseph Caterbone and Maurice Martin Price are examples of people who have been victims for several decades. *The Devil's greatest trick is making the world believe he doesn't exist.*

*Id.* In addition to this statement of the case, the plaintiff provides purported information about, *inter alia*, "Electromagnetic Spectrum," "Electronic Warfare," "Targeted Individual[s]," "Gang Stalking," "Mind Control Technology," and "MK-Ultra." *Id.* at ECF pp. 3–6, 8–9.

There are also allegations in the complaint which are specific to Matthew Day ("Day"), who signed the complaint on behalf of the plaintiff. *See id.* at ECF p. 14. Day asserts that he is "a Targeted individual and a victim of gang stalking." *Id.* at ECF p. 7. He once served in the Marines, but left the military in 2005.[1] *See id.* at ECF pp. 7, 10. Since that time, he has been subject to "electronic harassment," but he was unaware of the technology used for the harassment until early 2019, when he was 37 years old. *See id.* at ECF pp. 7, 10. At that time, he "started to get attacked with direct energy and bio effects weapons which now is called Havana Syndrome." *Id.* at ECF p. 7. Within the first week of the attacks, he "began to develop electromagnetic hypersensitivity due to the constant full spectrum attacks." *Id.* He also "started to get electronic voice of god (v2k) communications." *Id.*

Although Day had been an engineer in the information technology sector, apparently working in a government capacity on Medicaid.gov, he has been unable to work since 2019 due to the electronic harassment. *See id.* He asserts that while he can manage the nightly sleep deprivation, he has struggled with the "bio effects attacks which mimic natural pain signals." *Id.* He also asserts that he has "foreign implants in [his] body." *Id.* He claims to have lost his friends

---

[1] Day believes that he was "targeted because [his] father honorably served in the Army." Compl. at ECF p. 10.

and at least three million dollars due to the harassment.[2] *See id.* at ECF p. 10. He also alleges that "they staged a car accident that sent [his] mother to the emergency room for around 3 weeks" and "attacked [his] elderly father [causing him to go] to the emergency room for around 3 weeks." *Id.*

For relief, the plaintiff asks for an investigation into Day's circumstances and the electronic harassment. *See id.* at ECF p. 12. Day acknowledges that he has visited several FBI field offices to only be turned away. *See id.* He requests that if the court were to determine that the complaint is frivolous, the court should "EXPLAIN WHY instead of dismissing everything." *Id.* Day and the plaintiff also appear to seek the establishment of a "Safe Haven self-reporting mechanism," because people getting attacked "will be uneasy and NOT NORMAL," and they are deterred by the "involuntary confinement 'mental health' laws." *Id.*

The main body of the complaint ends with the following "Conclusion" by Day:

> What I present is my current and FULL understanding of what a Targeted Individual is along with a concise history of "mind control" technology. It has been 4 long years and I continue to get attacked EVERY SINGLE DAY with full spectrum weapons. Given human nature, if people collectively don't attempt to stop these blatant human rights violations, it will ONLY GET WORSE because MK-ULTRA never really ended from the 1970's (just evolved with advances in neuroscience and now automation). Europe and the UN have already come to grips with these issues already. THERE IS A FAILED CHECKS AND BALANCES and just telling my story I hope to spread the scientific knowledge I continue to obtain.

> I bring up the example of Tesla as an "Umbrella Corporation". The question I pose is: What are these corporations really up to? Do they give back to society or are they building some sort of "Babylon Kingdom"? This is where Information Warfare and Electronic Warfare come in. Here is a basic logic question: if "mind

---

[2] Overall, Day summaries what has happened to him as follows:

> Since early 2019 I have been subjected to 1.5 years of daily 24/7 microwave v2k at the highest setting, 2 years of daily focused intense direct energy attacks with the occasional all day 24/7 for 3 weeks straight blitzes which are suicide attempts (during COVID lockdowns) multiple times (at least 5), still occurring daily sleep deprivation EVERY DAY FOR 4 YEARS (started waking me up every hour, then every 2 hours, now its [sic] every 3 – with 3 it is the hardest to fall back asleep and forced to stay awake and go through the day tired and sluggish), non-consensually implanted again at least 2 times that I know of, constantly hacking EVERYTHING, breaking into my room, and car.

Compl. at ECF p. 10.

4

control" technology exists AND "mental health" issues are rising THEN who benefits? There really needs to be a BALANCE and there is a COMMUNITY who has never given back making decisions for other people. Human interest is not just about money or the bottom line or even winning.

The focus here is on Electronic Warfare and in my case the ONLY THING I can prove is I keep getting ALL my electronic devices hacked. I am trying to compel the court for an INVESTIGATION into my situation. The goal is to TRAIN AND EDUCATE on the scientific knowledge I have obtained on the public information of "mind control" and associated history of electricity (humans run on electrical signals" and anything electrical can be hacked! EVERY CASE on this topic has been thrown out as frivolous and just this fact alone should raise some questions. With the proper gathering of statistics and some compassion on the part of LOCAL, STATE, and GOVERNMENT entities, the issue of Neuro Rights (remote neural monitoring) and Bio Ethics (remote pain signals) can be fully addressed. This is the true definition of being "woke".

*Id.* at ECF p. 14.

## II.    DISCUSSION

Although the plaintiff has paid the filing fee, there are two issues that appear to prevent this matter from moving forward: First, the court appears to lack subject-matter jurisdiction over this action. Second, the plaintiff allegedly is a non-profit corporation, and Day, as a non-lawyer, cannot represent the plaintiff's interest in this matter. The court will discuss each of these issues in turn.

Regarding the first issue, this court can raise issues concerning the court's subject-matter jurisdiction *sua sponte*. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) (explaining that courts have independent obligation to determine whether subject-matter jurisdiction exists, even in absence of challenge from any party); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is

in doubt. A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." (internal citation omitted)). In addition,

> [t]he Supreme Court has authorized courts to dismiss under Rule 12(b)(1) for lack of jurisdiction due to merits-related defects in only narrow categories of cases. "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." [*Bell v. Hood*, 327 U.S. 678, 682–83 (2016).] "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" [*Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987)] (quoting *Oneida Indian Nation v. Cty. of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)).

*Davis v. Wells Fargo*, 824 F.3d 333, 349–50 (3d Cir. 2016). Thus, if "a complaint is 'obviously frivolous' the district court may dismiss the complaint, even if the plaintiff has paid the filing fee." *Wallace v. Lynch*, No. 2:20-cv-2265 TLN DB PS, 2021 WL 2016620, at *1 (E.D. Cal. May 20, 2021) (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.").

Here, the plaintiff bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). It appears that the plaintiff cannot establish federal jurisdiction in this case because "the right claimed [in its complaint] is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Kulick*, 816 F.2d at 899 (citation and internal quotation marks omitted). Numerous

federal courts have determined that claims like those asserted in this case, *i.e.* government attempts at mind control, individuals being targeted with electronic weapons, remotely monitoring brains, covert electronic harassment, and electronic voice of God communications, are precisely the types of claims over which federal courts lack subject-matter jurisdiction. *See, e.g.*, *Starnes v. United States*, 162 Fed. Cl. 468, 473 (Fed. Cl. 2022) ("Complaints alleging mind control, as Plaintiff's Complaint alleges, . . . assert tort claims that must be dismissed for lack of subject matter jurisdiction."); *Wallace*, 2021 WL 2016620, at *1 (recommending dismissal of complaint for lack of subject-matter jurisdiction after concluding that "allegations [were] fanciful and delusional" insofar as complaint alleged that, *inter alia*, "plaintiffs are 'Targeted Individuals' that 'ran a foul [sic] of the Central Intelligence Agency by an involvement in a financial transaction between the CIA and a Chinese politician'" (citation omitted)); *Popovic v. Hanson*, No. 5:18-cv-3507-EJD, 2018 WL 2971308, at *2 (N.D. Cal. June 13, 2018) (issuing order to show cause why court should not dismiss case for lack of subject-matter jurisdiction when plaintiff (1) "alleges she was delivered to the United States military by the CEO of Blue Shield of California so that [the defendant] could use her brain and body for the creation of a human-like robot," (2) "claims to have undergone several surgeries to implant 'nano technology' somehow connected to Facebook, such as 'nano diamonds' in her ears, 'neuro grains' in her skull, and 'some type of biochip on the top' of her head," (3) "alleges that 'strangulation technology Motorola/Google' was implanted in her throat and that during an experiment, her 'spirit left the body' so that she could 'hear for a moment [her] deceased father screaming,'" and (4) "alleges that several well-known individuals, including Senator John McCain, Mark Zuckerberg, Elon Musk, former President Barack Obama and Queen Elizabeth, are involved in these experiments"); *Farris v. MetLife, Inc.*, No. 6:18-cv-278-Orl-41KRS, 2018 WL 4938684, at *1, 3, 4 (M.D. Fla. May 21, 2018) (recommending dismissal of

complaint for lack of subject-matter jurisdiction where plaintiff alleged that, *inter alia*, he was a

"'targeted individual' who has been a target of 'subliminal messaging' for more than twenty

years," because the allegations were "exactly the kinds of fictitious claims and 'bizarre conspiracy

theories' that warrant dismissal under Rule 12(b)(1)"), *report and recommendation adopted by*,

2018 WL 4931818 (M.D. Fla. Oct. 11, 2018); *Strode v. Dep't of Defense*, No. 04-CV-6190CJS(P),

2004 WL 1572655, at *1–2 (W.D.N.Y. June 2, 2004) (dismissing with prejudice *pro se*, non-*in-

forma-pauperis* complaint for lack of subject-matter jurisdiction where plaintiffs sought "to have

the defendants 'stop emitting or transmitting electromagnetic extremely low radio frequency

energy from maser satellites … on [their bodies].'" (alteration in original)).[3]

---

[3] Additionally, while the court recognizes that the plaintiff is not proceeding *in forma pauperis*,

> federal courts routinely dismiss allegations that the CIA, FBI, NSA, and other governmental agencies or officials are targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factually frivolous under [28 U.S.C. § 1915(e)(2)], finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible. *See, e.g., McGinnis v. Freudenthal*, 426 F. App'x 625, 628 (10th Cir. 2011) ("Mr. McGinnis' claims of electromagnetic torture [by government and prison officials] are delusional and unsupported by any factual basis. The district court did not abuse its discretion in dismissing these claims as frivolous."); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Nduka v. Williams*, 410 F. Supp. 3d 719, 721–22 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)); *Brown v. United States*, No. 19-154, 2019 WL 3753193, at *2–5 (E.D.N.C. May 10, 2019), *report and recommendation adopted*, 2019 WL 3783271 (E.D.N.C. Aug. 12, 2019) (dismissing pro se plaintiff's claims that the "United States is attacking him with satellite directed energy weapons" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it lacked an arguable basis in fact and rose to the level of the irrational or the wholly incredible); *Rhodes v. Fed. Bureau of Investigation*, No. 16-93, 2017 WL 1021314, at *4 (N.D. Ind. Mar. 16, 2017) ("the remainder of Rhodes' complaint, which references unspecified actions allegedly taken by unidentified FBI agents related to harassment, torture (using 'directed energy weapons'), theft, destruction of property, defamation, civil rights violations, attempted murder ('by forced suicide'), and misconduct, suggests that any FOIA claims regarding these allegations are frivolous because "the facts alleged rise to the level of the irrational or wholly incredible.").

*Caterbone v. PNC Bank*, Civ. A. No. 22-CV-1574, 2022 WL 2703613, at *4 n.5 (E.D. Pa. July 12, 2022).

Concerning the second issue, Day, as a non-attorney, may not represent the plaintiff, which is allegedly a non-profit corporation, in federal court. In this regard, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also Simbraw, Inc. v. United States*, 367 F.2d 373, 373–74 (3d Cir. 1966) (so holding). As such, the plaintiff requires licensed counsel to prosecute this case. Without counsel, this matter may not proceed further.[4]

### III.   CONCLUSION

The plaintiff's allegations in this case do not present any possible cognizable claims either directly or by implication; instead, they are "paranoid conclusions unsupported by any factual statements." *Strode*, 2004 WL 1572655, at *2. As such, the court appears to lack subject-matter jurisdiction over this action. *Kulick*, 816 F.2d at 899. In addition, Day does not indicate that he is an attorney; yet, he appears to be representing the interests of the plaintiff, a non-profit corporation in this action. He may not represent the plaintiff's interests in this matter.

While it appears that the court should dismiss the matter at this time, the court will provide the plaintiff with the opportunity to address the issues identified in this opinion. Accordingly, the court will order the plaintiff to show cause why the court should not dismiss this action.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[4] Although Day could represent his own interests in an action by proceeding *pro se*, he is not a named plaintiff in this case.